Michael D. LING, Movant,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Respondent.

No. 79–4018–Civ–ALH.

United States District Court,
S. D. Florida.

Dec. 13, 1979.

ORDER

HASTINGS, District Judge.

This Cause came before the Court on the expanded motion of Michael D. Ling, challenging the intention of the United States Department of Justice to obtain access to his financial records, pursuant to the customer challenge provision of the Right To

Financial Privacy Act of 1978, 12 U.S.C. §§ 3401 et seq. (the Act). It appears that this case is one of first impression in this District.[1]

On October 29, 1979, the Honorable Clyde Atkins ordered that both Mr. Ling and the U.S. Department of Justice (the Department) have an opportunity to properly comply with the provisions of the Act concerning customer challenges, 12 U.S.C. 3410. In the interim this cause was transferred to this Court on November 28, 1979. After a careful review of the record, the Court finds that both parties have substantially complied with the procedural guidelines set out in Chief Judge Atkins' order and with 12 U.S.C. 3410.

In its amended formal written request, the Federal Bureau of Investigation notified Mr. Ling of their intention to review the financial records of twelve (12) institutions. This request was made pursuant to an investigation into the possibility that Mr. Ling had failed to disclose certain outstanding debts on his loan application to an FAA Federal credit union pursuant to 18 U.S.C. 1014 (making it a felony to give a false statement on a loan application).

Mr. Ling stated in his amended affidavit that the records sought by the Bureau were irrelevant to their inquiry in that he had previously been discharged in bankruptcy, Case No. 79–129–BK–JLK–H, S.D., Fla. Such discharge, Mr. Ling alleged, would act as a bar to any future action arising from the underlying debts.

The Department of Justice, on behalf of the Bureau, filed a response and a supplemental response, charging that if the Government has shown that its inquiry is legitimate and relevant to its investigation and if it is determined that the Government has complied with the notice provisions un-

der the Act, then the Court must deny Movant's motion.

▇▇▇ We agree. There is nothing in the Bankruptcy Code, 11 U.S.C. 1 et seq., which prohibits a criminal action against a discharged debtor based on the falsification of a discharged loan application, as may be the case here; the Code only covers discharge from personal liability of a debtor. It is not within the power of the Court to scrutinize the alleged equities of the Movant's claim at this investigative stage. At this point, the Court is limited in its inquiry to whether or not there is a reasonable and legitimate belief that the records sought are relevant to the FBI inquiry.

▇▇▇ The sworn affidavits of FBI Agent Risdon amply support the Department's allegation that the investigation is legitimate and reasonable and that, but for the disclosure of these records, the investigation would be seriously impaired.

Based on the foregoing the Court holds that Mr. Ling's Motion to Challenge Government's Access to Financial Records is DENIED.

It should be stressed that until such time as the Court has ruled on the customer's challenge under 12 U.S.C. 3410, the Government shall not certify to any financial institution that it has complied with the applicable provisions of this title.

---

1. At the onset, the Court notes with displeasure the statutory language requiring it to rule within seven (7) days of the Government's response in such challenges, see 12 U.S.C. 3410(c). Not only does such legislative mandate fly in the face of separation of powers, but also creates a

Catch 22: if the Court does not rule within the proscribed time limits, the Government may obtain the records Movant sought to be withheld without Court approval or disapproval. See 12 U.S.C. 3403(b).